UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20673-CR-LENARD

**UNITED STATES OF AMERICA**,

v.

**CLEMENT HEATH, et al.**,

   Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SEVERANCE (D.E. 43)**

**THIS CAUSE** is before the Court on Defendant Clement Heath's ("Heath") Motion for Severance ("Motion," D.E. 43), filed on October 18, 2010.[1] On October 28, 2010, the Government filed its response in opposition to the Motion ("Response," D.E. 49), to which Heath filed his reply ("Reply," D.E. 53), on November 2, 2010.[2] Heath additionally filed a Memorandum of Law in Support of Motion for Bruton Severance ("Memorandum," D.E. 63) on November 9, 2010. The Court held a hearing on the matter on November 10, 2010. Having considered the Motion, related pleadings, oral argument, and the record, the Court finds as follows.

---

[1] On November 3, 2010, Defendant Banton filed a motion to adopt Heath's Motion for severance. (See D.E. 57.) On November 8, 2010, the Court granted Banton's motion. (See D.E. 60.)

[2] Heath filed a Notice of Filing Exhibit (D.E. 56) to his Reply, on November 3, 2010.

## I.   Background

On September 7, 2010, the Government filed its Indictment ("Indictment," D.E. 12), charging Heath and his two co-defendants, Dexter Ernestine Banton ("Banton") and Oneil Ricardo Small ("Small"), with conspiracy to possess with intent to distribute marijuana aboard a United States vessel in violation of 46 U.S.C. § 70503(a) (Count 1) and possession with intent to distribute marijuana aboard a United States vessel in violation of 46 U.S.C. § 70506(b) (Count 2).[3]  On or about August 16, 2010, Defendants were traveling on a fishing boat towards the United States when they encountered a Coast Guard vessel. It is alleged that Defendants failed to obey Coast Guard commands and engaged in chase. During the course of the chase, Coast Guard personnel observed one of the passengers throwing bales overboard. The Coast Guard eventually disabled Defendants' engine and arrested the vessel. On board they found a small amount of marijuana.

## II.   Motion

Defendants seeks to sever the trial based upon two post-arrest statements Small made to interviewing agents.[4]  Small reportedly told government agents that he boarded the vessel

---

[3]   Banton was additionally charged with failure to heave in violation of 18 U.S.C. § 2237(a)(1).

[4]   Heath originally moved for severance on the basis of Small's post-arrest statements that another man named "Blacks" had told him that Heath and Banton were drug smugglers and that Blacks knew they would be making a drug run on the boat. In its Response, the Government indicated it is cognizant these statements violate Bruton and it will not introduce these statements at trial unless Small testifies. The Government, however, put Defendants on notice of their intent to introduce other post-arrest statements that are the subject of this Order.

in order to be transported to the United States. Small also made two statements that: (1) once on board the vessel "he saw many packages towards the rear of the vessel behind the engines, and there was a blanket covering them at one point"; and (2) "he knew there were drugs on the boat." (See D.E. 56-1 at 1; Tr. of Nov. 10, 2010 Hearing.) Defendants argue the statements violate United States v. Bruton, 391 U.S. 123 (1968) because the statements implicate them in having conspired to smuggle Small as an illegal alien. Defendants also argue the statements implicate them because of the small nature of the vessel. They contend that the "inescapable conclusion" from Small's statements that he saw drugs on board is (a) that there was marijuana on board and (b) Defendants must have known as well. (See Memorandum at 3.) The Government contends these statements incriminate Small but do not make any reference to his co-defendants.

### III.   Discussion

Rule 14 of the Federal Rules of Criminal Procedure provides that, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

In Bruton, the Supreme Court held that "the admission of a non-testifying defendant's statement in a joint trial, implicating a codefendant, violated the confrontation clause despite the issuance of a limiting instruction." United States v. Perez-Garcia, 904 F.2d 1534, 1541 (11th Cir. 1990) (citing Bruton, 391 U.S. at 135-36). The Eleventh Circuit has recently

articulated the proper standard for evaluating a Bruton claim as, "a defendant's confrontation right is violated when the court admits a codefendant statement that, in light of the Government's whole case, compels a reasonable person to infer the defendant's guilt." United States v. Schwartz, 541 F.3d at 1340, 1351 (11th Cir. 2008).

The Court finds that the two statements at issue: (1) that once on board the vessel Small saw many packages towards the rear of the vessel behind the engines and there was a blanket covering them at one point; and (2) Small knew there were drugs on the boat, do not violate Bruton and severance is not required. The statements are not incriminating on their face. See Richardson v. Marsh, 481 U.S. 200, 208 (1987); United States v. Taylor, 186 F.3d 1332, 1335-36 (11th Cir. 1999). The statements also do not compel an inference of Heath or Banton's guilt in light of other evidence. In Schwartz, the Eleventh Circuit held that the admission of a co-defendant's sworn affidavit, given as part of a bankruptcy proceeding, violated Bruton because it implicated entities solely owned or controlled by the defendant. Aside from the lengthy affidavit which "summarized in one streamlined and articulate statement all of the Government's evidence of [the defendant's] self-dealing with investor money, all without expressly naming him," the government in that case presented testimony from other witnesses attesting to the fact that the corporations identified in the affidavit were solely owned or controlled by the defendant. Schwartz, 541 F.3d at 1352. Furthermore, the prosecutors in Schwartz expressly linked the entities referenced in the affidavit with other evidence of the defendant's control of these entities during closing

4

argument. Id. at 1353.  They also encouraged the jury to make the required inferences.  Id. In contrast, Small's statements do not refer to his co-defendants in any way; nor are they statements that could only be understood to refer to them.  While they implicate Small, they do not speak one way or the other to Defendants' guilt.  This is simply not the type of case with which Bruton and its progeny are concerned.  Thus, the Court finds a joint trial would not prejudice Defendants and a limiting instruction can be given if necessary.  Accordingly, consistent with this Order, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Severance (D.E. 43), filed on October 18, 2010, is **DENIED**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of November, 2010.

                                                                                               _____
                                                                                  **JOAN A. LENARD**
                                                                                   **UNITED STATES DISTRICT JUDGE**